UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAY 10 2006

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JAMES I. DALE, | * | CIV. 06-4077 |
| Petitioner, | * | |
| -vs- | * | ORDER |
| DOUGLAS L. WEBER, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, James I. Dale, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed in Forma Pauperis.

Also pending is Petitioner's Motion for Appointment of Counsel (Doc. 3). Petitioner requests counsel because (1) he cannot afford to retain a lawyer; (2) the issues involved in this case are complex; (3) the discovery issues involve a large quantity of legal documents, audio tapes and video tapes; and (4) he is incarcerated and would not be able to listen to or view the audio or video tapes.

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8( c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**

(2)   Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
\*\*
(B) is seeking relief under section 2241, 2254, or 2255 of title 28

**Rule 6(a):**
If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

**Rule 8( c):**
If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Petitioner claims are straightforward and not legally nor factually complex. The petition and related documents are well-written and clear as to petitioner's claims.

Accordingly, based upon the record,

IT IS ORDERED:

(1) Petitioner's motion to proceed in forma pauperis (Doc. 5) is GRANTED. Petitioner shall make the required $5.00 filing fee payment to the Clerk of this Court on or before June 16, 2006.

(2) that the Clerk of Court is directed to serve upon the respondents and the Attorney General of the State of South Dakota, by certified mail, a copy of the petition and this Order;

(3) that respondents will file and serve a response to the petition within thirty (30) days after receipt of this Order.

(4) Petition's motion for appointment of counsel (Doc. 3) is DENIED without prejudice.

Dated this 10th day of May, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

3